UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.,

          Plaintiff,

v.

PATRICIA L. CARUSO, in her capacity
as Director of the Michigan Department
of Corrections,

          Defendant.
_____/

Case No. 5:05-CV-128

Hon. Richard Alan Enslen

**OPINION**

       Defendant Patricia L. Caruso has moved for a more definite statement under Federal Rule

of Civil Procedure 12(e) and a partial summary judgment under Rule 56.  Plaintiff Michigan

Protection & Advocacy Service, Inc. has opposed the relief sought.[1]  Plaintiff has also responded to

Defendant's motion in part by filing its own Motion for Protective Order, which Defendant has

opposed.  Oral argument is unnecessary to resolve these disputes.

       Rule 12(e) permits a party to move for a "more definite statement" if a complaint "is so

vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . .

."  *See also Equal Employment Opp. Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir.

2001); *Barnett v. Bailey*, 956 F.2d 1036, 1043-44 (11th Cir. 1992).  The problem with the instant

Amended Complaint is that it fails to specify the names or identification numbers of the persons for

whom Plaintiff seeks relief, which failure in turn prevents Defendant from understanding and

---

[1]Plaintiff is an organization which is statutorily endowed with the duty to protect the
rights of mentally ill individuals pursuant to the Protection and Advocacy for Mentally Ill
Individuals of 1986, 42 U.S.C. §§ 10801 *et seq.*

answering the Amended Complaint.  This failure is essentially admitted by Plaintiff, who is prepared

to supplement the Amended Complaint provided that the disclosures are protected from unauthorized

disclosure by a protective order. (Pl.'s Resp. 1.)  Plaintiff has separately moved for such a protective

order.

Defendant opposes such a protective order.  While defense counsel is right that the Motion

for Protective Order and proposed Protective Order are not well drafted, it is wrong to say that there

is no basis for ordering such relief.  Defendant's resistance to a proper protective order does little

to distinguish itself from a cynical attempt to force child prisoners to abandon a lawsuit by threatened

disclosure of their identities and medical conditions to unrelated prison staff and other inmates (who

might utilize the information to exercise untoward influence over the children and/or victimize

them).

This is a lawsuit involving the mental health and correctional treatment of young prisoners

(between the ages of 14 and 19) who were previously housed at the Michigan Youth Correctional

Facility ("MYCF"), a Security Level 5 facility for juveniles.  (Am. Compl. ¶ 2.)  According to the

Amended Complaint, when MYCF was closed in October 2005, these young prisoners were

transferred to other Michigan Department of Corrections ("MDOC") facilities and have suffered like

treatment. (*Id.* at ¶ 3.).  These young prisoners are especially at risk due to mental illness and many

of them qualify for special educational treatment due to developmental disabilities.  (Am. Compl.

¶¶ 4, 8, 11-13.)  The Amended Complaint alleges that these young prisoners both are denied

necessary educational and mental health services and are subjected to disciplinary and punitive

segregation without regard for whether the youth lack the mental capacity to understand and conform

to MDOC Rules.  (*Id.* ¶ 34.)    Such treatment, it is alleged, violates the individuals' Eighth

Amendment constitutional rights against cruel and unusual punishment as well as their statutory rights to humane treatment for youth with mental disabilities.

Defense counsel's suggestion that a protective order is not appropriate is simply wrong. The information at issue includes confidential medical and mental health information of a vulnerable population of young inmates. In some cases, the prisoners either are minors or were minors at the time of their alleged unconstitutional treatment. In 2002, Congress enacted the E-Government Act of 2002, P.L. 107-347, § 205, to provide the federal courts with specific guidance as to privacy concerns relating to the electronic publication of case information. Even before such Act, though, the Judicial Conference of the United States had established a privacy policy concerning certain information in court files. Under this policy, case information should be made electronically available with the following two exceptions: Social Security cases (because they contain both social security numbers and confidential medical information) and personal identifiers, including the names of minor children. (Report of the Proceedings of the Judicial Conference of the United States, 48-50 (Sept./Oct. 2001).) Indeed, such Report indicated, after balancing both privacy and public openness, that confidential medical information in social security files should not be disclosed because the public has little legitimate interests in obtaining such information.

In light of the above Report, the Western District of Michigan (which has been a leading District as to e-filing) has adopted a privacy policy which is equally protective. Under Western District of Michigan Local Civil Rule 10.7, social security numbers, dates of birth and names of minor children are not to be publicly filed, but are to be filed under seal. Similarly, social security case files are restricted and are to be accessed only by counsel of record. W.D. Mich. L.Civ.R. 7(i). The point of these restrictions is that confidential information–including private medical information

and personal identifiers–not be made public beyond the ken of counsel, witnesses and investigators involved in a given lawsuit.  The danger of misuse of the information at issue in this case (personal identifiers of minors/young prisoners and their mental health and disability information, the disclosure of which might subject them to targeted abuse in prison) is such that it should be afforded like special protection.  *See also Pearson v. Miller*, 211 F.3d 57, 73 (3rd Cir. 2000); *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 357 (11th Cir. 1987) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)); *Oklahoma Disability Law Ctr. v. Dillon Family & Youth Servs.*, 879 F. Supp. 1110, 1112 (D. Okla. 1995).  Indeed, the information at issue is subject to protection under federal statute and regulation, 42 U.S.C. § 10806(a); 42 C.F.R. § 51.45(a)(1); 45 C.F.R. § 164.512(e)(1)(B), and under state statute, Mich. Comp. Laws § 330.1748.[2]

Defense counsel should also not be surprised by this result because the Michigan Attorney General's office has provided long-time representation in the case of *Hadix v. Caruso*, 4:92-CV-110. In that case, prisoner medical information has long been subject to protective orders and when such information is used at trial, prisoners are referenced by identifying numbers to preserve the confidentiality of their medical information.

Defense counsel also argues that some of the protective order case law cited by Plaintiff deals with discovery and not with the sealing of the complaint.  This is true–given the case law relates to a discovery rule, Rule 26(c), but ignores the Court's inherent and common law authority to seal court records and allow parties to proceed by *pseudonym*.  Federal law, including the Local Rules, assumes

---

[2]Defendant says that this is not so because she is seeking only the prisoner identities and not the related mental health information.  This argument ignores the obvious that the disclosure of the identities will create a *de facto* disclosure of the persons' mental health information, which has already been disclosed to a degree in the previous complaints by reference to anonymous numbers.  While a sophist would like the argument, this Court does not.

such authority and assumes that it will be exercised to prevent unwarranted disclosures of confidential information.  The Sixth Circuit's recent decision in *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004) permitted a pseudonymous lawsuit in which the identity of plaintiffs was protected from public disclosure--though disclosed to defense counsel for the purpose of providing a defense. *See also Doe v. Stegall*, 653 F.2d 180, 186 (6th Cir. 1981).  The pertinent factors mentioned in *Porter* and *Stegall* as applied here, including that the public does not have a legitimate expectation in the disclosure of private health information and the youth and vulnerability of the offenders, shift the balance away from public openness and permit the prosecution of this action without public disclosure of the identities of the young persons.[3]

Therefore, an Order shall issue which grants Defendant's request for a more definite statement, but otherwise denies its request for partial summary judgment without prejudice pending the filing of a more definite complaint[4] and such further discovery that the parties may wish to conduct.

DATED in Kalamazoo, MI:
    April 10, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Some Circuits have recognized a limited constitutional right of prisoners in the confidentiality of their medical information. *See Doe v. Delie,* 257 F.3d 309, 317 (3rd Cir. 2001) (citing cases).  While it is unnecessary to recognize such a right in this instance, because the exercise of discretion permits the protection of the information even if the right is not recognized, such case law supports a protective view.

[4]Although a second amended complaint will be permitted for the purpose of providing the identification information, the Court will not prevent Plaintiff from making other modifications to the complaint.  Also, while the Court will entertain a summary judgment motion at any time, the Court advises the parties that in this case it is inclined to deny such motions until after discovery has been completed to insure a proper investigation of the claims asserted.